UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO HERNANDEZ CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVE BRADLEY,<br><br>　　　　Defendant. | Case No. 16-cv-00746-JD<br><br>**ORDER RE MOTION TO DISMISS** |

On February 12, 2016, plaintiff Florencio Hernandez Castaneda brought this suit under general maritime law and the Jones Act, 46 U.S.C. § 30104, to recover for personal injuries he suffered while employed as a seaman. Dkt. No. 2. Defendant Steve Bradley filed a motion to dismiss all five claims of the complaint. Dkt. No. 13. The motion to dismiss is granted in part and dismissed in part with leave to amend.

**BACKGROUND**

As alleged in the complaint, Bradley is the owner of the commercial vessel, f/v Sound Adventure. Dkt. No. 2 ¶¶ 8, 10. During the crab and salmon seasons of 2013 and 2014, Castaneda worked on the f/v Sound Adventure, with Bradley sailing as the captain. *Id.* ¶¶ 13, 19, 21. In March 2013, Castaneda sustained injuries to his spine and nervous system aboard the vessel. *Id.* ¶¶ 7, 16. Bradley witnessed the injury accident and gave Castaneda one day's leave from work. *Id.* ¶¶ 22-23. Bradley "insist[ed] that Mr. Hernandez return to work the day following the 'off day,'" which caused his lower extremities to become so numb that he had to stop. *Id.* ¶¶ 24, 26, 27.

Castaneda seeks maintenance and cure benefits that he claims have been underpaid. *Id.* ¶¶ 59-64. He sues under the Jones Act and maritime law for compensatory damages, punitive

damages, and attorney's fees.  Bradley moves to dismiss under the usual pleading rules.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I.     Judicial Notice

Castaneda requests judicial notice of four documents.  Dkt. No. 16.  Exhibit 1 is a cross-complaint for personal injury damages in another action previously before this court, *Crowe v. Bountiful Oceans, Inc.*, Case No. 3:15-cv-00340-JD.  Exhibit 2 is an answer to the Exhibit 1 cross-complaint.  *Id.* ¶ 3.  Exhibit 3 and 4 are copies of checks paid by United Trollers Fund, allegedly to plaintiff for maintenance benefits from 2014 to 2015.  *Id.* ¶ 5.  The request is denied.  The two filings from *Crowe* are irrelevant -- the parties in that case settled and the documents have no bearing on the current litigation.  For Exhibits 3 and 4, Castaneda has not established why they are relevant and offers no substantive explanation in support for taking notice.  *Id.*  Judicial notice is denied and the statements in the declaration are not considered for this motion to dismiss.

### II.    Claim I:  Jones Act Negligence

The Jones Act was passed in 1920 to grant a seaman a cause of action for negligence against his or her employer beyond the traditional maritime causes of action.  *See California Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 832-33 (9th Cir. 1989).  To state a claim under it, a plaintiff must adequately plead duty, breach, notice, and causation of injuries.  *Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d 658, 662 (9th Cir. 1997).

Castaneda's claim founders on the duty element.  He catalogs several general duties employers allegedly owe to seamen, such as duties to provide competent navigation, safe working spaces, maintenance and cure, and so on.  Dkt. No. 2 ¶ 15.  He states that Bradley failed to provide "any and/or all of these," a point he proposes to refine through discovery.  *Id.*  None of this is enough to meet the duty element.  At best, Castaneda proffers boilerplate statements of duty untethered to any facts showing how that duty arose in this case.  He says the complaint should survive as-is because he pleaded that "Employer of a seafarer negligently failed to provide a safe place to work and/or proper safety training and/or supervision contributed in some small measure to the injury alleged." Dkt. No. 15 at 3.  While this does set forth a legal standard, there are no

facts alleging Bradley's actions or inactions, and how they played any part in Castaneda's "lumbar spine and nervous system" injuries. Dkt. No. 2 ¶ 16; *see Ribitzki*, 111 F.3d at 664. And proposing to wait on discovery before stating a competent claim is not an acceptable practice. Dkt. No. 2 ¶ 15. This claim is dismissed with leave to amend.

### III.   Claim II: Negligent Failure to Secure Maintenance & Cure

A plaintiff may bring a Jones Act claim for the negligent failure to provide maintenance and cure, and a separate action for the failure to provide benefits under general maritime law. *See Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 422-23 (2009). Punitive damages are available for maintenance and cure actions, but are not available under the Jones Act. *Id.* at 424.

Claim II fails under these principles. Castaneda alleges that Bradley breached a duty by allowing and/or pressuring him to work on the f/v Sound Adventure after learning he was injured. Dkt. No. 2 ¶¶ 26-32. Castaneda appears to bring the claim for "negligent failure to provide benefits." Dkt. No. 15 at 4. But he also seeks punitive damages for "intentional, wilful and malicious conduct in efforts to oppress Mr. Hernandez through denying him the right to maintenance and cure," in similar fashion to Claim V. Dkt. No. 2 ¶¶ 31-32. Claim II is dismissed with leave to amend to clarify the relief sought. Bradley's other arguments for dismissal of this claim are deferred pending amendment.

### IV.   Claim III: Maintenance & Cure: Failure to Inform

Count III seeks relief for Bradley's failure to tell Castaneda about the right to claim maintenance and cure benefits. Bradley says this claim should be dismissed without leave to amend because there is no general duty to inform seamen of potential federal claims and benefits under *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006). *Huseman* does not categorically bar all failure to advise claims. The plaintiff there sought equitable tolling and estoppel for Jones Act and maritime claims after the statute of limitations had passed because he was never notified of his maritime rights and was entitled to special consideration under the "ward of the court" doctrine that applies to seamen in certain circumstances. *Id.* at 1124-25. The circuit declined to offer equitable relief because there is no "general, all-encompassing fiduciary duty on ship owners to inform seamen of all potential federal claims and benefits and the process for

3

1  securing them when the employee fails to make even a threshold inquiry." *Id.* at 1125.  But it did
2  not foreclose, as Bradley suggests, the possibility that a duty to inform may arise where a plaintiff
3  was misled or made an initial threshold inquiry regarding benefits.  *Id.*  Rather, the court
4  confirmed that ship owners still owe a duty to act in good faith and deal fairly in contract
5  performance.  *See id.* at 1118.

This leaves open a legal door for Castaneda's claim, but it is nevertheless dismissed for another failure to adequately plead actionable facts.  Castaneda alleges that he was initially misled as to his contract rights (he was given two choices: "either work…or quit and receive no money"), Dkt. No. 2 ¶ 26, but somewhat undermines that by alleging he "sought the benefits of maintenance and cure" since the date he was injured.  *Id.* ¶ 58.  The claim is dismissed with leave to amend.

**V.   Claim IV:  Unseaworthiness**

To establish a claim for unseaworthiness, a plaintiff must establish: (1) the warranty of seaworthiness extended to him and his duties; (2) his injury was caused by a piece of the ship's equipment or an appurtenant appliance; (3) the equipment used was not reasonably fit for its intended use; and (4) the unseaworthy condition proximately caused his injuries.  *Gebhard v. S.S. Hawaiian Legislator*, 425 F.2d 1303, 1310 (9th Cir. 1970).  Castaneda has failed to plead any facts showing that the vessel was unseaworthy or linking any deficiencies to his injury.  He lists types of vessel conditions that must be safely operated, but does not allege any facts of unseaworthiness aboard the f/v Sound Adventure.  Dkt. No. 2 ¶ 50.  This claim is dismissed with leave to amend.

**VI.  Claim V:  Maintenance & Cure: Ongoing Failure to Provide**

"A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001).  The duty "arises from the contract of employment" and "does not rest upon negligence or culpability on the part of the owner or master." *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938).  Attorney's fees and punitive damages are available under general maritime law for willful and wanton disregard of the maintenance and cure obligation.  *See Townsend*, 557 U.S. at 424; *Vaughan v. Atkinson*, 369 U.S. 527, 530 (1962).  "All

ambiguities as to maintenance and cure benefits are resolved in favor of the seaman." *Moore v. U.S.*, 817 F. Supp. 2d 1136, 1150 (N.D. Cal. 2011).

Claim V seeks ongoing maintenance and cure for Castaneda's injuries aboard the f/v Sound Adventure. Looking at the incorporated allegations from the complaint, there are sufficient facts to state a plausible claim for maintenance and cure benefits. Castaneda alleges that he suffered some spinal injury while working aboard Bradley's vessel, and that his "lower extremities became so numb that he could no longer work." Dkt. No. 2 ¶ 27. He states that defendant initially denied him cure by allowing him only one day off and that defendant denied benefits by "maliciously harassing" him after his employment ended. *Id.* ¶¶ 26, 63. He alleges he has not been reimbursed for medical expenses or provided cure, and that he has been underpaid for daily maintenance. *Id.* ¶¶ 59, 60, 61. Taking the facts in the light most favorable to the plaintiff, this final claim survives the motion to dismiss.

Plaintiff has until **December 9, 2016** to amend the pleadings. If he chooses to amend, he should consider consolidating Counts II, III and V, which all seek the same relief for maintenance and cure.

**IT IS SO ORDERED.**

Dated: November 16, 2016

JAMES DONATO
United States District Judge